**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**RICHARD HAWLEY**,

    Plaintiff,

vs.                                             No. CIV 06-004 MCA/WPL

**KELVIN BOWSER**, Unknown Named
**DOES 1-10**, and **UNITED STATES**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant United States' *Motion to Dismiss the Fourth Cause of Action (FOIA)* [Doc. 3] filed on April 10, 2006, and *Plaintiff's Request for Ruling on Motion* [Doc. 13] filed on December 11, 2006. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds that good cause exists for granting the Plaintiff's *Request for Ruling on Motion* [Doc. 13], and denying without prejudice Defendant's *Motion to Dismiss the Fourth Cause of Action (FOIA)* [Doc. 3] under the conditions set forth below.

This case is at an impasse. Plaintiff Richard Hawley seeks to sue several federal agents who executed a search warrant and seized property from an office in Albuquerque, New Mexico on July 18, 2003. In order to proceed with his lawsuit, however, Plaintiff must

obtain the names and addresses of the agents he is suing so that he can effect service of process.

Defendant United States will not provide Plaintiff with the names and addresses of the agents through initial disclosures or early discovery because counsel for the United States claims he does not represent any of the individual Defendants at this juncture. [Doc. 6, 7.] Defendant United States also will not provide Plaintiff with the names and addresses of the agents in response to Plaintiff's request under the Freedom of Information Act (FOIA), because the Internal Revenue Service (IRS) claims that Plaintiff's FOIA request is invalid.

The IRS is not obliged to provide information in response to a FOIA request if the FOIA request does not first provide the agency with certain information about the requester that is required by the IRS's FOIA regulations. See 26 C.F.R. § 601.702. If the FOIA request does not contain this preliminary information, then the agency deems the request invalid. See id.

In this case, the IRS sent Plaintiff a letter stating that his FOIA request was deemed invalid. The letter included a copy of a standardized checklist containing generic reasons for deeming a FOIA request invalid, with checkmarks next to four of these generic reasons: (1) failure to reasonably describe the records in sufficient detail; (2) failure to properly identify the requester's authority to access the requested information; (3) failure to specify whether the requester wished to review the requested documents or obtain copies of them; and (4) failure to state under penalties of perjury, the category of the requester and how the records

will be used. [Ex. 2 to Doc. 4.] These checkmarks are not accompanied by any fact-specific explanation or citation to legal authority.

Plaintiff treated the IRS's letter and checklist as a denial of his FOIA request, and he appealed that denial. Plaintiff's FOIA appeal eventually became Count IV of Plaintiff's *Complaint*, which asserts that Defendant United States violated FOIA. Defendant United States has moved to dismiss this count of Plaintiff's *Complaint* on the grounds that Plaintiff failed to exhaust his administrative remedies and, therefore, this Court lacks jurisdiction to review his FOIA claim.

In its motion papers, Defendant United States does not specifically dispute that Plaintiff's FOIA request reasonably describes the requested records in sufficient detail and states that Plaintiff wishes to receive copies of these records. Plaintiff is simply asking for copies of records containing the names and addresses of a discernible group of federal agents who executed an IRS search warrant on a particular date and location. Plaintiff's FOIA request also states under penalty of perjury that he falls under the category of "other requester" and that he is requesting the records for personal use. Thus, at least some of the generic reasons checked on the IRS's checklist do not appear to support the conclusion that Plaintiff submitted an invalid FOIA request and therefore failed to exhaust his administrative remedies.

In its motion papers, Defendant United States appears to rely on only one of the generic reasons the IRS checked when it deemed Plaintiff's FOIA request invalid, namely, Plaintiff's alleged failure "to provide his proof of identification and his entitlement to the

information requested." [Doc. 4, at 3.] The IRS regulations on this point state as follows: "The initial request for records must . . . [i]n the case of a request for records the disclosure of which is limited by statute or regulations (as, for example, the Privacy Act of 1974 (5 U.S.C. § 552a) or section 6103 and the regulations thereunder), establish the identity and the right of the person making the request to the disclosure of the records in accordance with paragraph (c)(5)(iii) of this section"  26 C.F.R. § 601.702(c)(4)(i)(E).  Paragraph (c)(5)(iii) in turn provides that:

> (iii) Statutory or regulatory restrictions. (A) In the case of records containing information with respect to particular persons the disclosure of which is limited by statute or regulations, persons making requests shall establish their identity and right to access to such records. Persons requesting access to such records which pertain to themselves may establish their identity by--
>
> (1) The presentation of a single document bearing a photograph (such as a passport or identification badge), or the presentation of two items of identification which do not bear a photograph but do bear both a name and signature (such as a credit card or organization membership card), in the case of a request made in person,
>
> (2) The submission of the requester's signature, address, and one other identifier (such as a photocopy of a driver's license) bearing the requester's signature, in the case of a request by mail, or
>
> (3) The presentation in person or the submission by mail of a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, swearing to or affirming such person's identity.
>
> (B) Additional proof of a person's identity shall be required before the requests shall be deemed to have met the requirement of paragraph (c)(4)(i)(E) of this section if it is determined that additional proof is necessary to protect against unauthorized disclosure of information in a particular case. Persons who have identified themselves to the satisfaction of IRS officials pursuant to this paragraph (c) shall be deemed to have established their right to access records pertaining to themselves. Persons requesting records on behalf of or pertaining

>to another person must provide adequate proof of the legal relationship under which they assert the right to access the requested records before the requirement of paragraph (c)(4)(i)(E) of this section shall be deemed met.
>
>(C) In the case of an attorney-in-fact, or other person requesting records on behalf of or pertaining to other persons, the requester shall furnish a properly executed power of attorney, Privacy Act consent, or tax information authorization, as appropriate. In the case of a corporation, if the requester has the authority to legally bind the corporation under applicable state law, such as its corporate president or chief executive officer, then a written statement or tax information authorization certifying as to that person's authority to make a request on behalf of the corporation shall be sufficient. If the requester is any other officer or employee of the corporation, then such requester shall furnish a written statement certifying as to that person's authority to make a request on behalf of the corporation by any principal officer and attested to by the secretary or other officer (other than the requester) that the person making the request on behalf of the corporation is properly authorized to make such a request. If the requester is other than one of the above, then such person may furnish a resolution by the corporation's board of directors or other governing body which provides that the person making the request on behalf of the corporation is properly authorized to make such a request, or shall otherwise satisfy the requirements set forth in section 6103(e). A person requesting access to records of a partnership or a subchapter S Corporation shall provide a notarized statement, or a statement made under penalty of perjury in accordance with 28 U.S.C. 1746, that the requester was a member of the partnership or subchapter S corporation for a part of each of the years included in the request.

26 C.F.R. § 601.702(c)(5)(iii).

Plaintiff questions whether this rule governing disclosure of information protected by statute or regulation applies in this case, because he is only requesting the names and addresses of federal agents who executed a search warrant and is not requesting anyone's tax returns or financial data.  Neither the IRS's FOIA correspondence with Plaintiff nor Defendant United States' motion papers specifically identify the statute or regulation which restricts the disclosure of the names and addresses of federal agents who executed the search

warrant on the property in question, nor do they specifically identify what other person or entity has a right of access to this information or what relationship Plaintiff needs to have with that person or entity in order to proceed with his FOIA request.

Under these circumstances, it is unreasonable to expect Plaintiff or the Court to read through the multiple volumes of IRS statutes, regulations, and case law looking for this information in order to support the agency's contention that the requested records are exempt from disclosure to Plaintiff. "If the IRS decided to deny the request it was obligated under 5 U.S.C. § 552(a)(6)(A)(i) and 26 C.F.R. § 601.702(c)(7)(iii) to notify Plaintiff of the reasons for the denial." Tanoue v. IRS, 904 F. Supp. 1161, 1165 (D. Haw. 1995). In the specific context presented here, where the IRS essentially claims that the requested information is exempt from disclosure to Plaintiff, I construe this rule to mean that Defendant United States must cite the specific statute or regulation under which it claims the requested information is protected from disclosure and explain why Plaintiff is not the person or entity with a right of access to that information. See id. at 1166 ("The Government has the burden of proving that information is exempt from disclosure."); Herrick v. Garvey, 298 F.3d 1184, 1189 (10th Cir. 2002) (similar). A checkmark on a generic checklist of possible reasons for not disclosing information is not sufficient grounds for granting Defendant's motion to dismiss Plaintiff's FOIA claim at this juncture.

It does not necessarily follow that Plaintiff is automatically entitled to the information he has requested under FOIA or that he is entitled to summary judgment on his FOIA claim in this civil action. It is still possible that Defendant United States may prevail on its claim

that Plaintiff's FOIA request is invalid, or that the information Plaintiff has requested under FOIA is exempt from disclosure. In order to do so, however, Defendant United States must at least provide Plaintiff and the Court with a citation to the specific statute, regulation, or other authority under which it claims that the names and addresses of the federal agents who executed the search warrant are protected from disclosure to Plaintiff. And if Defendant United States maintains that Plaintiff is not a person who has a right of access to the names and addresses of the federal agents who executed the search warrant, then this Defendant should also specifically identify which other person or entity, if any, has such a right of access (unless it is also shown that there is a specific statute or regulation protecting the identity of that person or entity from disclosure as well). Otherwise, there is no basis upon which to assess Plaintiff's claim that he has the necessary relationship to that person or entity.

For these reasons, Defendant United States' *Motion to Dismiss the Fourth Cause of Action (FOIA)* [Doc. 3] is denied without prejudice and with leave to refile an amended motion that contains the information necessary to provide Plaintiff with a fair opportunity to respond and the Court with grounds for an informed ruling. Plaintiff's *Request for Ruling on Motion* [Doc. 13] is granted, and that ruling is provided herein.

Finally, the Court's ruling on this issue is not intended to preclude Plaintiff from attempting to answer the concerns stated in Defendant United States' motion by filing a more specific FOIA request that provides the requested identification and explanation of his authority to access the records containing the names and addresses of the federal agents who

executed the search warrant at issue here. Even if Count IV of Plaintiff's *Complaint* were to be dismissed without prejudice for lack of jurisdiction based on a failure to exhaust administrative remedies, such a dismissal does not necessarily preclude Plaintiff from making another FOIA request that contains all the information required under the IRS regulations.

**IT IS THEREFORE ORDERED** that Defendant United States' *Motion to Dismiss the Fourth Cause of Action (FOIA)* [Doc. 3] is **DENIED WITHOUT PREJUDICE** under the conditions stated above.

**IT IS FURTHER ORDERED** that Plaintiff's *Request for Ruling on Motion* [Doc. 13] is **GRANTED**.

**SO ORDERED** this 20th day of December, 2006, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**