## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**RICHARD HAWLEY**,

       Plaintiff,

   vs.                           No. CIV 06-004 MCA/WPL

**KELVIN BOWSER**, Unknown Named
**DOES 1-10**, and **UNITED STATES**,

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the following motions:  (1) Plaintiff Richard Hawley's *Motion for Summary Judgment or, Alternatively, for Order Requiring Rule 26 Disclosures* [Doc. 16] filed on February 7, 2007; (2) Defendant United States' *Amended Motion to Dismiss Fourth Cause of Action (FOIA)* [Doc. 19] filed on February 21, 2007; (3) Defendant United States' *Opposed Motion to Strike Motion for Summary Judgment* [Doc. 21] filed on February 28, 2007; and (4) Plaintiff Richard Hawley's *Motion for Order Requesting Ruling on Pending Motion* [Doc. 27] filed on August 14, 2007.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds that there is good cause for granting the Plaintiff's *Motion for Ruling on Motion* [Doc. 27], granting Defendant's *Amended Motion to Dismiss the Fourth Cause of Action (FOIA)* [Doc. 19], denying the other remaining motions [Doc. 16, 19], dismissing Plaintiff's claim under the Freedom of Information Act (FOIA) without prejudice,

and ordering Plaintiff to show cause why all other claims should not be dismissed without prejudice for failure to effect service of process in a timely manner.

The history of this litigation is set forth in the previous *Memorandum Opinion and Order* [Doc. 14] filed on December 20, 2006. In response to that ruling, Defendant United States has filed an amended motion stating--with greater specificity and citation to authority–its reasons for seeking to dismiss Plaintiff's FOIA claim without prejudice for failure to exhaust administrative remedies. Plaintiff continues to demand compliance with his original FOIA request to the Internal Revenue Service (IRS) dated February 12, 2004.

As noted in Defendant United States' motion papers, the basic problem with the FOIA request at issue in this litigation [Ex. A to Doc. 1] is that it is phrased as a demand for information relating to the agents' execution of a search warrant that was directed at another taxpayer, "Guardian Express/Trustee Services." Because it is phrased in this manner, the FOIA request at issue in Count 4 of Plaintiff's *Complaint* allows the IRS to claim that the requested information is "return information" within the meaning of 26 U.S.C. § 6103(b)(2)(A), which then triggers the requirements of the IRS FOIA regulations with respect to "adequate proof of the legal relationship under which [Plaintiff] assert[s] the right to access the requested records." 26 C.F.R. § 601.702(c)(5)(iii)(B).

The FOIA request that is the subject of this litigation [Ex. A to Doc. 1] does not satisfy this requirement because it does not provide adequate proof of Plaintiff's relationship with "Guardian Express/Trustee Services," the entity for which records pertaining to the execution of the search warrant constitute "return information" under 26 U.S.C. §

6103(b)(2)(A).   The IRS FOIA regulations list, by way of example, various forms of documentation that a requester may use to prove such a relationship when he or she acts as an attorney-in-fact, corporate president or chief executive officer, officer or employee of a corporation, or member of a partnership or subchapter S corporation.   See 26 C.F.R. § 601.702(c)(5)(iii)(C).   The FOIA request which is the subject of Count 4 of Plaintiff's *Complaint* [Ex. A to Doc. 1] contains none of this documentation.

Under the authorities cited in Defendant United States' motion papers, it follows that the FOIA claim asserted in Count 4 of Plaintiff's *Complaint* [Doc. 1] must be dismissed without prejudice for failure to exhaust administrative remedies.   See Dale v. IRS, 238 F. Supp. 2d 99, 102-03 (D.D.C. 2002) (collecting cases).   "An agency's obligations [under FOIA] commence upon receipt of a valid request; failure to file a perfected request therefore constitutes failure to exhaust administrative remedies."   Id. at 103.

I also agree with Defendant United States that the requirements of D.N.M.LR-Civ. 26.3(a) do not apply to Plaintiff's FOIA claim at this juncture and that Fed. R. Civ. P. 26 does not provide a lawful means of circumventing the protections afforded to a third party's "return information" under 26 U.S.C. § 6103(b)(2)(A) in the context of Plaintiff's FOIA claim against Defendant United States.   See Farmers and Merchants Nat'l Bank v. San Clemente Fin. Group Securities, Inc., 174 F.R.D. 572, 585 (D.N.J. 1997) (explaining that confidentiality concerns regarding IRS return information may still apply to discovery requests under Fed. R. Civ. P. 26).   Therefore, *Plaintiff's Motion for Summary Judgment or, Alternatively, for Order Requiring Rule 26 Disclosures* [Doc. 16] is denied.

As the Court attempted to explain to Plaintiff in the previous *Memorandum Opinion and Order* [Doc. 14, at 7-8] filed in this case, the above rulings do not preclude Plaintiff from attempting to remedy the defects in his earlier FOIA request [Ex. A to Doc. 1] by sending the IRS a new and revised FOIA request that either supplies the necessary information about his relationship with "Guardian Express/Trustee Services" or avoids any reference to "return information."  In particular, the Court notes that the search warrant paperwork attached to Plaintiff's *Complaint* appears to list the names of at least two IRS special agents, "Kelvin Bowser,"and  "Michael Albers," who could be identified in a revised FOIA request without stating any connection to their involvement in the execution of a search warrant.

Defendant United States has not shown that the restrictions on disclosure of "return information" would pose an obstacle to a new and revised FOIA request that asks for records which simply list the current office addresses or other official contact information for these two named individuals, without any reference to their participation in executing the search warrant concerning "Guardian Express/Trustee Services."  Similarly, Defendant United States has not shown that the restrictions on disclosure of "return information" would apply to a generic request for a listing of all IRS special agents stationed in Albuquerque, New Mexico, in July 2003.

Plaintiff thus far has failed to explain his reasons for not diligently pursuing such alternative requests in his effort to locate and serve the individual Defendants whose names appear on the search warrant paperwork.  To provide Plaintiff with a further opportunity to provide such an explanation, I will direct Plaintiff to show cause in writing why the non-

-4-

FOIA claims in his *Complaint* should not be dismissed without prejudice at this juncture for failure to timely effect service of process upon any of these individuals under Fed. R. Civ. P. 4.  The relevant portion of this rule provides that:  "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant."  Fed. R. Civ. P. 4(m).

The Court recognizes that Plaintiff's ability to effect service of process within the 120-day deadline may have been hampered by Defendant United States' response to his previous FOIA request, as well as his *pro se* status and the complexity of the IRS regulations. However, the Court has twice advised Plaintiff of the options for submitting a revised FOIA request and given him more than a year and a half from the filing of his *Complaint* in which to undertake further efforts to identify and serve at least some of the known individual Defendants who are the subject of the non-FOIA claims asserted in his pleading.  In addition, the record does not reflect that Plaintiff has applied for leave to proceed *in forma pauperis*, or that the Court has granted such application, or that the Court has ordered the U.S. Marshal to complete service on his behalf in conjunction with such an application, or that Plaintiff has cooperated with the U.S. Marshal by providing the information necessary to complete and

serve a summons in this case.[1]  Accordingly, an order to show cause under Fed. R. Civ. P. 4(m) is appropriate at this time.

**IT IS THEREFORE ORDERED** that Plaintiff Richard Hawley's *Motion for Summary Judgment or, Alternatively, for Order Requiring Rule 26 Disclosures* [Doc. 16] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant United States' *Amended Motion to Dismiss Fourth Cause of Action (FOIA)* [Doc. 19] is **GRANTED**, and the FOIA claim asserted in Count 4 of Plaintiff's *Complaint* [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant United States' *Opposed Motion to Strike Motion for Summary Judgment* [Doc. 21] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff Richard Hawley's *Motion for Order Requesting Ruling on Pending Motion* [Doc. 27] is **GRANTED**, and the Court's rulings on all pending motions are set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff show cause by filing a written response with the Clerk of the Court by no later than October 25, 2007, stating why he believes this action should not be dismissed without prejudice for failure to timely effect service of process under Fed. R. Civ. P. 4(m), and specifically explaining what efforts (other than a

---

[1]Instructions for serving a summons and complaint, as well as application materials for proceeding *in forma pauperis,* are contained in the District of New Mexico's *Guide for Pro Se Litigants*, which can be printed from the Court's website at www.nmcourt.fed.us  or obtained from the Clerk of the Court at the United States Courthouse, 333 Lomas Boulevard NW, in Albuquerque, New Mexico.

single FOIA request) he has undertaken to identify, locate, and serve the individual Defendants who are the subjects of his non-FOIA claims in this case.

**SO ORDERED** this 17th day of September, 2007, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**