## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**RICHARD HAWLEY**,

        Plaintiff,

    vs.                                  No. CIV 06-004 MCA/WPL

**KELVIN BOWSER**, Unknown Named
**DOES 1-10**, and **UNITED STATES**,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on *Plaintiff's Response to Order to Show Cause* [Doc. 29] filed on October 12, 2007, and the accompanying *Request for Ruling on Pending OSC Proceeding* [Doc. 30] filed on December 6, 2007.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants Plaintiff's *Request for Ruling on Pending OSC Proceeding* and dismisses without prejudice all remaining claims and Defendants in this action for failure to effect service of process in a timely manner.

The history of this litigation is set forth in the *Memorandum Opinion and Order* [Doc. 14] filed on December 20, 2006, and the subsequent *Memorandum Opinion and Order* [Doc. 28] filed on September 17, 2006.  In the latter ruling, Plaintiff's Freedom of Information Act (FOIA) claim against Defendant United States was dismissed without prejudice for failure to exhaust administrative remedies.

While the Court recognizes that Defendant United States is legally entitled to demand compliance with its administrative procedures before disclosing further information under FOIA, the Court also recognizes that such demands may cause difficulty for the Plaintiff in timely effecting service of process on some of the other Defendants in this action.  In addition, the Court notes the fact that Plaintiff appears *pro se* but has not filed an application to proceed *in forma pauperis*.  For these reasons, the Court has afforded Plaintiff an abundance of time beyond the 120-day period referenced in Fed. R. Civ. P. 4(m) in order to effect service of process.

To aid in accomplishing this task, the Court also has referred Plaintiff to the District of New Mexico's *Guide for Pro Se Litigants* and repeatedly advised him that nothing in this Court's rulings precludes him from filing a revised or amended FOIA request that complies with the relevant administrative procedures in order to obtain the information he is seeking. If Plaintiff had filed such an amended or revised request with the agency, it is likely that the further information he needs to effect service of process as to some of the remaining Defendants would already be in his possession.  Once those individual Defendants were properly served, Plaintiff would then be in a position to pursue discovery, which in turn could reveal information needed to serve Defendants whose identities are presently unknown to him.

Despite the availability of this procedure and the additional time the Court has afforded to pursue it, Plaintiff's response to the Court's *Order to Show Cause* indicates that he wishes to stand by his original FOIA request and pursue an appeal instead.  [Doc. 29.]

Apart from offering a new interpretation of his original FOIA request (which would have to be addressed by the administrative agency in the first instance), Plaintiff's response fails to address with any specificity his reasons for not effecting service of process in a timely manner.

The Court notes that this action was filed more than two years ago on January 4, 2006, and it arises from the execution of a search warrant on or about July 18, 2003.  Other than filing and litigating his original FOIA request dated February 12, 2004, Plaintiff has not shown what additional efforts he has made to locate and serve the individual Defendants whose names are identified in the search warrant documents he attached to his *Complaint* and his original FOIA request.  [Doc. 1.]  Under these circumstances, the Court finds that filing a single FOIA request over the course of such a lengthy period of time does not constitute a diligent effort to identify and effect service of process on the remaining Defendants in this action.

Accordingly, Plaintiff has not shown good cause, or any other permissible reason under Fed. R. Civ. P. 4(m), for extending the time for service of process any longer, and his claims against the remaining Defendants must be dismissed without prejudice.  See Jones v. Frank, 973 F.2d 872, 873-74 (10th Cir.1992).  "A pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P.  4."  DiCesare v. Stuart, 12 F.3d 973, 980 (10th Cir.1993).  And where a litigant fails to provide a district court with any reason for the failure to effect service in a timely manner, the district court is not obliged to grant a permissive

extension.  See Coleman v. Milwaukee Bd. of Sch. Directors, 290 F.3d 932, 935 (7th Cir. 2002).

  **IT IS THEREFORE ORDERED** that *Plaintiff's Request for Ruling on Pending OSC Proceeding* [Doc. 30] is **GRANTED**, and that ruling is provided herein.

  **IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** as to all remaining Defendants for failure to timely effect service of process under Fed. R. Civ. P. 4(m).

  **SO ORDERED** this 9th day of January, 2008, in Albuquerque, New Mexico.

               _____
               **M. CHRISTINA ARMIJO**
               **UNITED STATES DISTRICT JUDGE**